IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE M. JACKSON and WANDA S. AUSTIN, </br></br>   Plaintiffs, </br> v. </br></br> THE CIT GROUP/CONSUMER FINANCE, INC., a Corporation, MOREQUITY, INC. a Corporation, THE APPLICATION CENTER LTD, a Corporation doing business as THE APPLICATION CENTER, </br></br>   Defendants. | 2:06-cv-543 |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are Defendant MorEquity, Inc.'s ("MorEquity") MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) *(Document No. 10),* and Defendant The CIT Group/Consumer Finance, Inc.'s ("CIT") MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) *(Document No. 12)*. The issues have been thoroughly briefed and are ripe for disposition. Because Defendants raise essentially identical legal arguments, the motions will be discussed together. After considering the filings of the parties and the relevant legal authorities, both motions will be denied.

Factual and Procedural Background

This is an action brought under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. The case was originally filed in state court and removed by Defendants. Plaintiffs are

sisters who purchased a home in the Homewood section of Pittsburgh for $16,000 cash in 1981. In September 2001, Ms. Jackson called defendant The Application Center Ltd. to inquire about minor home repairs. She was induced to enter into a contract for home improvements, to borrow the sum of $33,750.00, and to give a mortgage on the home in that amount. Complaint ¶ 9. The Application Center organized the paperwork for the contractor and Defendant CIT, the original mortgagee, and organized the closing. In their brief, although not in the Complaint, Plaintiffs assert that they requested to use their own contractor, but were told that they must use Brimanda Builders, the contractor chosen by The Application Center.

At the settlement on November 9, 2001, a check in the amount of $33,374.00 was sent from CIT. Of this amount, $24,451.84 was to be paid to Ms. Jackson. Ms. Jackson was told to sign the check and give it back to the settlement agent. The check then went directly to Brimanda Builders. Plaintiffs only received a check in the amount of $2040.00. Complaint ¶ 11.

The contractor who actually performed the work was Porter Contracting. The work was allegedly done so poorly that it amounted to fraud and had a negative value because it ruined the infrastructure of the house. The cost to repair the poor work exceeds its value. Complaint ¶ 12-13. After trying for more than a year to get the contractor to do the work, Plaintiffs stopped payments on the mortgage. On October 3, 2003, Plaintiffs' counsel sent a letter notifying CIT that they were rescinding the contract pursuant to TILA. Complaint ¶ 23 and Exhibit 1. CIT refused to take any action to rescind the contract or to terminate the security interest, as required by TILA, 15 U.S.C. § 1635(b) and Regulation Z, 12 C.F.R. § 226.23(d)(2). Complaint ¶ 25. Several months later, CIT sold the loan to Defendant MorEquity, which had actual or constructive notice of Plaintiffs' rescission. The instant lawsuit was filed on March 20, 2006.

The Plaintiffs seek a declaratory judgment declaring that the transaction is rescinded and that there is a termination of any security interest in Plaintiff's property created under the transaction. Plaintiffs contend that by paying the contract price in full and in advance to the contractor, Defendants deprived Plaintiffs of their opportunity to withhold payment upon discovery of the fraudulent workmanship. Complaint ¶ 14. Plaintiffs contend that the TILA-mandated material disclosures were inaccurate, such that the transaction could be rescinded up to three years from the consummation of the transaction as provided under 15 U.S.C. § 1635(f). Specifically, Plaintiffs contend that "the statements indicating that Plaintiff received $24,451.84 are materially inaccurate and have not been cured to date." Plaintiffs further allege that the manner in which the check at the closing was conveyed to the contractor violated 15 U.S.C. § 1639(i), and that CIT's failure to accept the notice of rescission constituted a violation of 15 U.S.C. § 1635(b), although Plaintiffs do not seek additional relief based on either of these grounds.

Standard of Review

When considering a motion to dismiss, the court accepts as true all well pleaded allegations of fact. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994). In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff. The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2); *see also Conley*, 355 U.S. at 47. This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14 (2002). Claims lacking merit may be dealt with through summary judgment pursuant to Rule 56. *Id.* If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

Legal Analysis

Defendants contend that the complaint fails to state a claim upon which relief may be granted for two reasons: (1) it is untimely; and (2) Defendants made the material disclosures required under TILA. Defendants rely heavily on *Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896 (3d Cir. 1990). The Court recognizes that *Smith* is on-point and constitutes binding precedent. In *Smith*, the Third Circuit explained that Congress enacted TILA to remedy the divergent and often fraudulent practices by which credit customers were apprised of the terms of their loans. *Id.* at 898. The purpose of TILA is to assure meaningful disclosure of terms so that consumers are able to compare the various credit terms available to them. *Id.* TILA is a strict liability statute, to be liberally construed in favor of borrowers. *Id.* To implement TILA, Congress delegated expansive authority to the Federal Reserve Board, which enacted Regulation Z, 12 C.F.R. Part 226. Courts are to defer to the administrative interpretation embodied in Regulation Z unless the agency's interpretation is "obviously repugnant" to the statute. *Id.*

1.      Timeliness

As an initial matter, the Court rejects Defendants' argument that this lawsuit is untimely because it was not filed within three years of the consummation of the transaction. The statute clearly states that rescission is accomplished "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." 15 U.S.C. § 1635(a). Regulation Z, 12 C.F.R. § 226.23(a)(2) clearly provides: "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." The October 3, 2003 letter from counsel attached as Exhibit 1 to the Complaint obviously constitutes a written communication. The letter accomplished the rescission. The text of the statute and regulation do not constitute a statute of limitations which would require a consumer to initiate a lawsuit within the three-year period to effectuate rescission, as Defendants suggest. Nor does the text support an interpretation that rescission is not effective until the creditor accepts the "attempted" notice. Indeed, Defendants' position would seem to reward creditors for failing to take the steps upon receipt of notice of rescission set forth in 15 U.S.C. § 1635(b). If the three-year period applies, the rescission by Plaintiffs was effective. Thus, the motions to dismiss cannot be granted on the basis that the filing of the lawsuit was untimely.

2.      Material Disclosures

The Court now turns to the question of whether the disclosures were materially inaccurate, and thus, whether the three-day or three-year rescission period applies. In *Smith*, the Third Circuit thoroughly analyzed TILA Section 1635 and Regulation Z to determine whether an error in itemizing the amounts distributed constituted a failure to provide a "material disclosure"

such that the consumer could rescind the loan at any time within the three-year period set forth in Section 1635(f).[1] The Court concluded that only the disclosures specifically set forth in Footnote 48 to Regulation Z, 12 C.F.R. § 226.23(a)(3), need be provided before the rescission period begins to run. *Id.* at 901.[2] In other words, if the disclosures set forth in Regulation Z are made, the consumer does not have a right to rescind the loan beyond three days after consummation of the transaction. The parties to the instant case dispute whether the allegedly inaccurate disclosures involved the "amount financed" such that the three-year rescission period applies or whether the alleged error was a mere itemization which would not extend the three-day rescission period.

The Court is unable to resolve this question for a very basic reason -- neither party has provided the Court with the relevant document or documents. Plaintiffs' Brief at 6 makes reference to a "TILA disclosure." The October 3, 2003 rescission letter from counsel refers to a "HUD-1 Settlement Statement." Paragraph 11 of the Complaint refers to a "settlement sheet." However, these documents (or perhaps the same document referred to by different names) have not been attached as exhibits. Defendants attached a copy of an unpublished opinion but did not provide any other exhibits.[3] Paragraph 11 refers to several different monetary amounts:

---

[1] If all "material disclosures" are properly made, the consumer must rescind the loan within three days after consummation of the transaction. 15 U.S.C. § 1635(f).

[2] Although not raised by Defendants, *Smith* also held, pursuant to 12 C.F.R. § 226.17(e), that disclosures rendered inaccurate by subsequent events do not violate the regulation. *Id.* at 899-900. In *Smith*, the lender withheld money to clear title but when it was unable to obtain a required release because the company had gone out of business, it simply kept the money.

[3] The Court likely could have considered the actual disclosure documents at the motion to dismiss stage. A document referred to in the complaint, but not attached, may be considered to prevent plaintiff from avoiding dismissal simply by deciding not to attach the dispositive

$33,374.00 sent by CIT, $24,451.84 in a check endorsed by Ms. Jackson, and $2040 check retained by Ms. Jackson. Paragraph 9 refers to a mortgage in the amount of $33,750.00. The Court is simply unable to reconcile these figures based on the pleadings and exhibits now in the record.

The Complaint adequately alleges that the TILA disclosures were materially inaccurate and the Court must accept that allegation as true at this stage. The Court notes that *Smith* was decided at the summary judgment stage on a more fully-developed record. Defendants will have the opportunity to renew their arguments at that stage as well. The Court cannot now conclude that there is no set of facts which would entitle Plaintiffs to relief. Accordingly, the motions to dismiss will be denied.

An appropriate order follows.

McVerry, J.

---

document. *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). However, the court may consider such a document only if: (1) its authenticity is undisputed; and (2) the claim is based on the document. *Pension Benefit Guarantee Corp. v. White Consolidated Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document forms the basis for a claim if it is "integral to and explicitly relied upon" in the complaint. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE M. JACKSON and WANDA S. AUSTIN, )<br>)<br>) | |
| ) | 2:06-cv-543 |
| Plaintiffs, )<br>v.   )<br>) | |
| THE CIT GROUP/CONSUMR FINANCE, )<br>INC., a Corporation, MOREQUITY, INC. )<br>a Corporation, THE APPLICATION )<br>CENTER LTD, a Corporation )<br>doing business as THE APPLICATION )<br>CENTER,   )<br>) | |
| Defendants. ) | |

### ORDER OF COURT

AND NOW, this 30th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant MorEquity, Inc.'s ("MorEquity") MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) (*Document No. 10*) is **DENIED***,* and The CIT Group/Consumer Finance, Inc.'s ("CIT") MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) (*Document No. 12*) is **DENIED**.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Ronald D. Barber, Esquire
 Email: rbarber@smgplaw.com

THE CIT GROUP/CONSUMR FINANCE, INC., a Corporation
MOREQUITY, INC., a Corporation
 Christopher W. Cahillane, Esquire/ **DOCKET TO BE CORRECTED - DOES NOT REP MOREQUITY - 5/15/06**
 Email: ccahillane@tuckerlaw.com
 Keith E. Whitson, Esquire
 Email: kwhitson@schnader.com


THE APPLICATION CENTER LTD, a Corporation, doing business as
THE APPLICATION CENTER